IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAULA MARY STUHAN                                              PLAINTIFF

    V.                          CIVIL NO. 05-2088

ATLANTIS PLASTICS INJECTION
MOLDING, INCORPORATED, and
ATLANTIS PLASTIC FILMS, INCORPORATED                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff filed suit against her employer (Atlantis),[1] which alleged she was discriminated on the basis of her gender and age.[2] Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a *et seq.* (Doc. 1.) Currently before the Court is Defendant's Motion for Summary Judgment (Doc. 11), Plaintiff's response (Doc. 20), Defendant's reply (Doc. 22), and Plaintiff's sur-reply (Doc. 26). For reasons that follow, Defendant's Motion for summary judgment is GRANTED, and this action is DISMISSED WITH PREJUDICE.

### I.  BACKGROUND

The following facts are undisputed except where otherwise noted.

1.  Plaintiff is a female.

---

[1] Defendant was incorrectly named as Atlantis Plastics Injection Molding, Inc. and Atlantis Plastic Films, Inc. but the correct Defendant is Atlantis Plastics, Inc. (Doc. 5, p. 1, Answer.)

[2] Plaintiff received a Dismissal and Notice of Rights letter from the Equal Employment Opportunity Commission on March 8, 2005, and filed the present suit on June 3, 2005, within the 90 day time frame. *See* Doc. 1, p. 1, Exhibit A.

2. During the time period in question, Plaintiff was employed by Defendant for approximately four years as a press operator when she entered into training to become a Mold Technician in late 2004. Plaintiff has continued her employment with Defendant after reassignment back to the position of Press Operator.

3. Plaintiff was recommended for Mold Technician training by Mark Linton and Kenneth Tedford. (Doc. 13, p. 2, Brief in Support of Defendant's Motion for Summary Judgment; Doc. 11, Ex. B, King Decl.; Doc. 11, Ex. C, Linton Decl.)

4. In December 2004, Defendant conducted a mandatory training session for all Mold Technicians at an off-plant site. Plaintiff did not attend the training session. Plaintiff alleges that she failed to attend the training session because she was not advised when it would take place, even after she inquired about it.

5. During Plaintiff's on-site training Tedford, Plaintiff's Supervisor, reported to Randy King, Production Manager, that Plaintiff's training was not going well as she was being trained on the same things over and over and not picking them up. (Doc. 11, Ex. B, King Decl.)

6. Plaintiff alleges that Linton and James Willett (another Mold Technician who assisted in her training) intentionally did not train her in the proper procedures. She specifically alleges that Linton met her with open hostility regarding her gender and

2

AO72A
(Rev. 8/82)

that he didn't want to train her. She further alleges that she complained to Tedford, her supervisor, about Linton's attitude(although it does not appear that she complained about any form of gender discrimination).

7. In January 2005, Tedford recommended to King that Plaintiff be removed from training. Due to the training problems to include the failure to attend the off-site training session, King removed Plaintiff from Mold Technician Training and reassigned her back as a press operator. (Doc. 11, Ex. B, King Decl.)

8. Linton trained two males who were unsuccessful in their Mold Technician training during the same year as Plaintiff's training. Linton contends that he trained Plaintiff in the same manner as all other trainees regardless of gender. (Doc. 11, Ex. C, Linton Decl.)

9. Plaintiff filed a complaint of discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC"). On March 8, 2005, the EEOC dismissed the complaint as it could not conclude that the information obtained established any violations of the statutes.

10. Plaintiff filed the present claim on June 3, 2005, within 90 days of the March 8, 2005 EEOC dismissal and notice of rights.

11. Plaintiff concedes Defendant is entitled to summary judgment on the issue of age discrimination. (Doc. 20, p. 3.)

## II. DISCUSSION

### A. Motion for Summary Judgment

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The court must view all facts and inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986). "The non-moving party, however, must still 'present[] evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)). Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of her claim. *See Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716 (8th Cir. 2003). The Court must keep in mind, however, that summary judgment is to be used sparingly in employment discrimination cases. *See id.* However, *Fed. R. Civ. P. 56* does not contain an exception to discrimination cases, and it is useful in determining whether a case merits a trial. *See Pope*, 406 F.3d at 1006 (citing *Berg v. Norand Corp.* 169 F.3d 1140, 1144 (8th Cir. 1999).

AO72A
(Rev. 8/82)

Plaintiff contends that the reason she was not successful in her training as a Mold Technician was because she was female. Atlantis denies its decision to remove Plaintiff from Mold Technician training was motivated by Plaintiff's gender and contends it made its decision solely on Plaintiff's inability to train within a reasonable time and failure to attend a mandatory off-site training session.

**B. Gender Discrimination**

A plaintiff in a Title VII gender discrimination case can proceed in one of two ways. *Russell v. Kansas City*, 414 F.3d 863, 866-67 (8th Cir. 2005). When a plaintiff produces direct evidence, such as statements by *decisionmakers* clearly showing that gender was a motivating factor in the employment decision; or at least significant circumstantial evidence showing a specific link between the discriminatory animus and the challenged employment decision, the burden-shifting standards established by *Price-Waterhouse v. Hopkins*, 490 U.S. 228 (1989) come into play. *Simmons v. New Pub. Sch. Dist. No. Eight*, 251 F.3d 1210, 1215 (8th Cir. 2001). "The Supreme Court has defined direct evidence in the negative by stating that it excludes 'stray remarks in the workplace,' 'statements by nondecisionmakers,' and 'statements by decisionmakers unrelated to the decisional process itself.'" *EEOC v. Liberal R-II*, 314 F.3d 920, 923 (8th Cir. 2002) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 227 (1989)). Once direct evidence exists, "the burden shifts to the employer to show that it would have reached the same

5

employment decision absent any discrimination." *Id.* (additional citations omitted). In the absence of such evidence, the guidelines set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) are applicable. *Pope*, 406 F.3d at 1006 (additional citations omitted).

Plaintiff contends that she has produced direct evidence of gender discrimination, specifically statements by Mark Linton, her trainer, that he did not want to train a female.[3] Therefore, Plaintiff contends the *McDonnell Douglas* burden-shifting test is inappropriate. (Doc. 20, p. 3, Plaintiff's Brief in Support of Response to Defendant's Motion for Summary Judgment.) She argues that Atlantis failed to argue or prove "that the decision to drop the Plaintiff from the training program was based on anything other than the evaluation of her trainer." (Doc. 26, p. 3, Plaintiff's Response to Defendant's Reply Brief in Support of Defendant's motion for Summary Judgment.) She concludes her argument by stating that "Linton was far more of a decision maker in the process than the Defendant wants to admit." *Id.*

We find that Plaintiff has failed to produce direct evidence of gender discrimination against her. The only evidence of discrimination produced by Plaintiff was her allegation that Linton

---

[3] Plaintiff's allegations regarding statements made by Linton are not consistent with the fact that Linton was the person who recommended her to train for the Mold Technician position. *See* Doc. 11, Ex. B, King Decl.; Ex. C, Linton Decl. Furthermore, Plaintiff has failed to produce any evidence besides her own affidavit and deposition, although she has contended that Linton's hostility towards her regarding her gender was open. Plaintiff has also alleged that her training was sabotaged, however, she has offered no proof other than her own opinion.

6

made several comments about not wanting to train a woman.  However, the evidence she asserts as direct evidence were made by the person assigned to train her as a Mold Technician.  There is no evidence that Linton was a decisionmaker, nor has evidence been produced that Linton was closely involved in the decision making process.[4]  Plaintiff failed to produce direct evidence or specific circumstantial evidence of gender discrimination, and Plaintiff's discrimination claims should be analyzed under the *McDonnell Douglas* standard.

To establish a prima facie case of gender discrimination in a failure-to-promote case, the plaintiff must show that: (1) she is a member of a protected group, (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) a similarly-situated candidate, not part of the protected group, was hired for the position instead.[5]  *See Pope*, 406 F.3d at 1007 (additional citation omitted).  The burden then shifts to the

---

[4] Plaintiff states that Atlantis "has not argued nor proved that the decision to drop the Plaintiff from the training program was based on anything other than the evaluation of her trainer." (Doc. 26, p. 3, Plaintiff's Response to Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment.)  However, the burden is on the Plaintiff to show the existence of direct evidence, i.e., that Linton is a decisionmaker or closely involved in the decision process.  Prior to a showing of direct evidence, no burden has shifted to Atlantis.

[5] Another way of stating the applicable test is to say that Plaintiff must show that she "(1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated persons of the opposite sex." *LaCroix v. Sears Roebuck, and Co.*, 240 F.3d 688, 693 (8th Cir. 2001).

7

employer who must "articulate a legitimate nondiscriminatory reason for the employee's rejection." *McCullough v. Real Foods, Inc.*, 140 F.3d 1123 (8th Cir. 1998). If the employer meets this burden, the presumption of discrimination fails and the employee must show that the employer's nondiscriminatory reason is, in reality, a pretext. *Id.* "At all times, the burden of persuasion remains with the plaintiff." *Pope*, 406 F.3d at 1007.

Plaintiff alleges that she was denied the opportunity to successfully continue her training as a Mold Technician because she was purposely trained improperly and that males were properly trained and allowed to successfully complete their training. Plaintiff has established a prima facie case of gender discrimination. Plaintiff is a female who entered training and was denied the position of Mold Technician, and Atlantis accepted another person, a male, to the training position (a person who successfully completed training and was employed as a Mold Technician). We next determine whether the reasons provided by Atlantis for failing to promote Plaintiff are legitimate and nondiscriminatory.

Atlantis contends that Plaintiff was not promoted and then returned to her previous position as a press operator was only because she did not successfully complete training and failed to attend a mandatory off-site training session. Atlantis concluded Plaintiff was not qualified to fill the position of Mold Technician. (Doc. 13, p. 11, Brief in Support of Defendant's Motion for Summary

8

Judgment). The Court finds Atlantis's reasons for failing to promote Plaintiff to the position of Mold Technician to be legitimate and nondiscriminatory as Atlantis chose the person it deemed objectively more qualified for the position based upon the successful completion of training and adherence to training requirements. Accordingly, the burden then shifts to Plaintiff to present evidence that creates a fact issue as to whether the employer's proffered reasons are mere pretext and that the failure to promote was an act of intentional discrimination based on her gender. *See McCullough,* 140 F.3d 1123; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

A plaintiff shows that a reason is pretextual "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981) (once Plaintiff establishes prima facie case of discrimination, burden shifts to employer to offer legitimate, non-discriminatory reason for its action). An employer's reason is pretextual when it is a lie - a phony reason meant to cover up a disallowed reason. *Blise v. Antaramian*, 409 F.3d 861, 867 (7th Cir. 2005). "Otherwise, an employer's decision to favor one candidate over another can be mistaken, ill-considered or foolish, but so long as the employer honestly believed those reasons, pretext has not been shown." *Id.* (internal quotations marks omitted) (additional citations omitted).

9

Plaintiff has not offered any evidence to raise a genuine issue of fact that Atlantis's reason was pretextual for Plaintiff has refused to address the issue.[6] *See Henthorn v. Capitol Commc'ns, Ins.*, 359 F.3d 1021, 1026 (8th Cir. 2004) (mere allegations not supported with specific facts are insufficient to establish material issue of fact and will not withstand summary judgment motion); *Smith v. Allen Health Care Sys., Inc.*, 302 F.3d 827, 834 (8th Cir. 2002) (whereby the Court found that the plaintiff failed to show that the defendant's "justification for the firing was unworthy of credence."); *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995) (employment discrimination laws have not vested in federal courts authority to review wisdom and fairness of business judgments made by employers, except to extent those judgments involve intentional discrimination).

Plaintiff has not shown that her gender played any role in Atlantis's failure to promote her (or allow her to continue training for a position that would have been a promotion) or that she was treated differently than similarly situated males. Atlantis has shown that at least two other males were unsuccessful in their training under Linton during the same relative time frame as Plaintiff's training. It appears that Atlantis was aware that she

---

[6] Plaintiff contends that she has adequately provided direct evidence regarding gender discrimination against her. *See* Doc. 26. Plaintiff specifically states that the *McDonnell Douglas* standard is not applicable; therefore "[t]he Plaintiff will not further address the issue of pretext." (Doc. 26, p. 3.) Plaintiff has not presented any facts to support a finding of pretext on Atlantis's part.

AO72A
(Rev. 8/82)

was a female at the time that Linton recommended her to train for the Mold Technician position. Accordingly, Atlantis's motion for summary judgment on Plaintiff's Title VII failure to promote claims is GRANTED and Plaintiff's Title VII gender discrimination claims are DISMISSED WITH PREJUDICE.

### C. Age Discrimination

Plaintiff conceded that Atlantis is entitled to summary judgment on the issue of age discrimination (Doc. 20, p. 3), and Plaintiff's claim of age discrimination is DISMISSED WITH PREJUDICE.

### D. Harassment

Although Atlantis raises defenses to any alleged harassment of Plaintiff, Plaintiff states that she has never raised a claim of harassment against Atlantis. The Complaint (Doc. 1) and additional filings by Plaintiff do not sustain a harassment claim and the "Harassment Claim" is considered moot.

## III. CONCLUSION

Based on the foregoing, Atlantis's motion for summary judgment (Doc. 11) is GRANTED. Therefore, Plaintiff's Complaint is DISMISSED WITH PREJUDICE. A separate judgment will be entered accordingly.

IT IS SO ORDERED this 29th day of June 2006.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)

12